UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, NATIONAL ) 
STABILIZATION AGREEMENT OF THE )
SHEET METAL INDUSTRY )
TRUST FUND, *et al.*, )
  )
       Plaintiffs, )  Case No. 1:14-cv-01189 (LO/IDD)
  )
v. )
  )
DMJ INDUSTRIAL CONTRACTOR, INC., )
  )
       Defendant. )
_____ )

**REPORT AND RECOMMENDATION**

This matter is before the Court on the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF"), National Energy Management Institute Committee ("NEMIC"), and Sheet Metal Occupational Health Institute Trust Fund's ("SMOHIT"), (collectively, "Funds" or "Plaintiffs"), Motion for Judgment by Default against DMJ Industrial Contractor, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 9.) After a licensed attorney for Defendant failed to appear at the hearing on December 19, 2014, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Judgment by Default, and the supporting affidavits, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

## I.   **INTRODUCTION**

On September 9, 2014, Plaintiffs filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Compl. ¶ 1.) These Acts allow parties to enforce provisions of their collective bargaining agreements. In filing their Complaint, Plaintiffs seek unpaid contributions, interest on unpaid contributions, liquidated damages, late fees, attorneys' fees and costs, and injunctive relief, pursuant to ERISA, LMRA, and the collective bargaining agreements executed between Plaintiffs, Local Union No. 20 of the International Association of Sheet Metal, Air, Rail and Transportation Workers ("Local Union"), and the Defendant. (Compl. ¶¶ 16-17, 19; Mem. Supp. Default J. at 2-3.)

### A.  **Jurisdiction and Venue**

This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 185(a), 1132, and 1145 because the funds are administered from Plaintiffs' principal place of business in Fairfax, Virginia. (Compl. ¶¶ 1, 9; Mem. Supp. Default J. at 2.) Where an action is brought in a district court of the United States under Sections 502 and 515 of ERISA, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a suit for violation of a contract "between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

This Court has personal jurisdiction over Defendant under the decision in *Board of Trustees, Sheet Metal Workers' National Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).[1] Additionally, this Court has personal jurisdiction over Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2). (Compl. ¶¶ 9, 15.) Venue is properly situated in this District because the breach of the collective bargaining agreements and consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145, occurred within this judicial district. (Compl. ¶¶ 3, 15.)

### B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946))); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249, 251 (4th Cir. 1974) (reversing district court's decision to enter default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with summons and complaint).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner

---

[1] This Court held that the Eastern District of Virginia had personal jurisdiction over the defendant, a New York corporation, because ERISA provided for nationwide service of process, and thus, the Fifth Amendment "national contacts" theory is applicable, and the Virginia long-arm statute under Virginia Code § 8.01-328.1 is inapplicable.

prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1).

On September 22, 2014, a private process server delivered copies of the Summons and Complaint to Mike Sheldon, who is designated by law to accept service on behalf of Defendant, in Indianapolis, Indiana. (Dkt. No. 5.) Therefore, Plaintiff properly served Defendant pursuant to 29 U.S.C. § 1132(e)(2) and Rule 4(h).

### C. Grounds for Default

Plaintiffs filed their Complaint on September 9, 2014. (Dkt. No. 1.) Defendant has failed to appear, answer, or file any other responsive pleading in this matter. On October 16, 2014, Plaintiffs filed a Request to the Clerk to Enter Default. (Dkt. No. 6.) On December 1, 2014, the Clerk entered default against Defendant. (Dkt. No. 7.) On December 12, 2014, Plaintiffs filed their Motion for Judgment by Default, and the Court held a hearing on the matter on December 19, 2014. (Dkt. Nos. 9, 12.) After Defendant failed to appear at the December 19, 2014 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II.   EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the

4

plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default judgment has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.* at 780.

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 663-64).

### III.   **FACTUAL FINDINGS**

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Judgment by Default and memorandum in support thereof, as well as

the affidavits and documents submitted in proof of damages. Plaintiffs SASMI, NPF, ITI, and SMWIASF are the trustees of multiemployer employee benefit plans[2] administered from offices located in Fairfax, Virginia. (Compl. ¶¶ 4-9; Mem. Supp. Default J. at 2.) Plaintiffs SMOHIT and NEMIC are the trustees of a labor-management health and safety fund and labor management committee fund respectively[3]—both of which are administered from offices located in Fairfax, Virginia. (Compl. ¶¶ 10-11; Mem. Supp. Default J. at 2.) Defendant is an Indiana corporation with its principal place of business in Indianapolis, Indiana. (*See* Compl. ¶ 15.)

Plaintiffs allege, and by failing to answer Defendant admits[4] that, at all relevant times, Defendant was an employer "in an industry affecting commerce" as defined by 29 U.S.C. § 152(2), (6), and (7), and Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), and (12). (*Id.*) Defendant entered into a collective bargaining agreement ("Labor Contract") with the Local Union. (Compl. ¶ 17.) Defendant also agreed to abide by the terms of the Funds' agreements and declarations of trust ("Trust Agreements"). (Compl. ¶ 18.) Pursuant to the Labor Contract and Trust Agreements, Defendant agreed to submit monthly remittance reports detailing all employees and work for which contributions were required, and to make fringe benefit contribution payments to Plaintiffs on behalf of employees covered by the Labor Contract. (Compl. ¶ 19; Mem. Supp. Default J. at 2.)

In violation of the Labor Contract, Trust Agreements, and Defendant's obligations under federal law, Defendant failed to make proper contributions under ERISA (Count I) and the Labor Contract (Count II) on behalf of certain covered employees, and to submit the required

---

[2] Such plans are defined by ERISA, 29 U.S.C. § 1002(1), (3), (37).

[3] These funds are established under Section 302 of the LMRA, 29 U.S.C. § 186(c)(5), (c)(9).

[4] Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").

remittance reports. (Compl. ¶¶ 27, 31.) Specifically, Defendant failed to submit required remittance reports and timely pay such contributions due and owing on behalf of its employees for work covered during the period of May 2014 through July 2014. (*Id.*; Mem. Supp. Default J. at 9.) Defendant has also failed to pay liquidated damages, late fees, and interest for its failure to make timely payments to Plaintiffs for the same period. (Compl. ¶¶ 28, 32.)

Under the Labor Contract, Trust Agreements, the Funds' rules and regulations, and ERISA law, Defendant agreed to: (1) make full and timely payment on a monthly basis to Plaintiffs; (2) file timely remittance reports with Plaintiffs detailing all employees or work for which contributions were required for each fund under the labor contract; (3) produce, upon Plaintiffs' request, all books and records deemed necessary to conduct an audit of Defendant's records concerning its obligations to Plaintiffs, and to pay the cost of the audit; and (4) pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by Plaintiffs to collect any amounts due as a consequence of the failure to comply with its contractual and statutory obligations. (Compl. ¶ 19.) Therefore, Plaintiffs are entitled to recover (1) the full amount of unpaid contributions; (2) late fees on the untimely payments; (3) interest on the unpaid contributions;[5] (4) liquidated damages;[6] and (5) reasonable attorneys' fees and costs incurred by Plaintiffs in pursuing the delinquent contributions, including the attorneys' fees and costs of bringing this action.

---

[5] Interest is assessed at the rate of eight and one-half percent (8.5%) per annum from the date due until the date of payment. The parties have agreed to the rate in their contract rather than the statutory rate established under 28 U.S.C. § 1961. (Mem. Supp. Default J. at 9-11.) ERISA does not limit the ability of parties to a contract to increase obligations beyond the statutory floor. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. DCI Signs & Awnings, Inc.*, No. 1:08cv15, 2008 WL 640252, at *3 (E.D. Va. Mar. 5, 2008). Such interest accrues until payment is made.

[6] Pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), liquidated damages are calculated at an amount equal to the greater of interest accrued on the unpaid contributions or twenty percent (20%) of the unpaid contributions.

### A. Count I—Recovery Under ERISA

In support of their request for relief, Plaintiffs rely on the declaration of Cari Greene, Manager of the Compliance Department for NPF ("Greene Decl.").[7] Plaintiffs also represent that, after filing the Complaint, Defendant submitted late reports for July 2014, along with a payment of $6,889.61, which has been deducted from the contributions due and owing. (Mem. Supp. Default J. at 9; Greene Decl. ¶ 8.) Accordingly, based on the Greene Declaration and accompanying exhibits, the undersigned finds that Defendant owes Plaintiffs a total of $1,326.05, as specified in the following table, for failure to pay contributions due from May 2014 through July 2014.

| Plaintiff Fund | Delinquent Contributions | Interest Through 11/30/14 | Liquidated Damages | TOTAL |
|---|---|---|---|---|
| NPF | $24.32 | $64.47 | $909.18 | $997.97 |
| ITI | $0.00 | $1.46 | $20.51 | $21.97 |
| SMWIASF | $0.00 | $0.12 | $1.71 | $1.83 |
| SASMI | $0.00 | $20.13 | $284.15 | $304.28 |
| TOTAL | $24.32 | $86.18 | $1,215.55 | $1,326.05 |

(Mem. Supp. Default J. at 28.)

### B. Count II—Recovery Under the Labor Contract

Pursuant to the Labor Contract and 29 U.S.C. § 185, Plaintiffs are entitled to the same type of damages recoverable under ERISA for Defendant's failure to submit monthly remittance reports and failure to make contributions due from May 2014 through July 2014. Based on the Greene Declaration and accompanying exhibits, the undersigned finds that Defendant owes Plaintiffs a total of $3,570.10, as specified in the following table.

---

[7] The NPF also monitors the remittance and collection of monthly fringe benefit contributions for SASMI, ITI, SMWIASF, NEMIC, and SMOHIT. (Greene Decl. ¶ 1.)

| Plaintiff Fund | Delinquent Contributions | Interest Through 11/30/14 | Liquidated Damages | Late Fees Owed[8] | TOTAL |
|---|---|---|---|---|---|
| NPF | $24.32 | $64.47 | $909.18 | $1,621.62 | $2,619.59 |
| ITI | $0.00 | $1.46 | $20.51 | $41.78 | $63.75 |
| NEMIC | $0.00 | $0.35 | $5.13 | $10.45 | $15.93 |
| SMOHIT | $0.00 | $0.24 | $3.42 | $6.97 | $10.63 |
| SMWIASF | $0.00 | $0.12 | $1.71 | $3.51 | $5.34 |
| SASMI | $0.00 | $20.13 | $284.15 | $550.58 | $854.86 |
| TOTAL | $24.32 | $86.77 | $1,224.10 | $2,234.91 | $3,570.10 |

(Mem. Supp. Default J. at 27.)

Although NPF, ITI, SMWIASF, and SASMI may claim relief under both the Labor Contract and ERISA, they do not seek a double recovery to which they are not entitled.

### C. Count III—Injunctive Relief

Plaintiffs allege that Defendant has shown a disregard for its contractual and legal obligations through a consistent pattern of delinquencies or late payment of contributions. (Compl. ¶ 35.) As such, Plaintiffs initially requested that Defendant be permanently restrained from violating the terms of the Labor Contract, and be enjoined to file complete, proper, and timely remittance reports, with accompanying contributions, for so long as Defendant is contractually required to do so. (Compl. ¶ 36; Greene Decl. ¶ 11.) Plaintiffs' Motion reiterates a request for injunctive relief with the modification that Defendant be enjoined to file remittance

---

[8] Late fees, or pre-litigation liquidated damages, are calculated for NPF, ITI, NEMIC, SMOHIT, and SMWIASF at the greater of $50.00 or ten percent (10%) of the contributions due for each month the delinquent contributions are paid late, but prior to commencement of the litigation. (Mem. Supp. Default J. at 12-13, 27.) Late fees for SASMI are equal to 10% of the contributions late paid before any lawsuit is filed. (*Id.*) The late fees owed to the Funds are calculated for the period of June 2013 through April 2014. (*Id.* at 27.)

reports with accompanying contributions for all periods to date, including periods with no work to be reported as such. (*See* Mot. Default J. at 4.)

The undersigned is not persuaded that a permanent injunction to this effect need issue in this case where Plaintiffs have not demonstrated they have suffered an irreparable injury, and monetary damages are adequate compensation for the financial injury Plaintiffs have sustained.[9] Therefore, a permanent injunction is not recommended.

### D. Attorneys' Fees and Costs

Finally, the Labor Contract and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provide that an employer may be required to pay all attorneys' fees and costs incurred in connection with a breach of its obligations under the agreements. In support of their request for this relief, Plaintiffs submitted the declaration of Matthew S. Hagarty, an associate attorney at the firm Jennings Sigmond, P.C. ("Hagarty Decl."), as well as a time sheet itemizing the time spent by various attorneys and staff ("Time and Expense Details"). Based on these submissions, Plaintiffs seek $3,360.84 in attorneys' fees and costs ($2,731.00 in attorneys' fees and $629.84 in costs). (Hagarty Decl. ¶ 2; Time and Expense Details.) Having examined and reviewed the declaration and time sheet, the undersigned finds that the requested fees and costs are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights.

### IV.   RECOMMENDATION

The undersigned Magistrate Judge finds that the submitted pleadings and affidavits establish that Plaintiffs are entitled to a default judgment and, therefore, recommends entry of default judgment in favor of Plaintiffs and against Defendant, DMJ Industrial Contractor, Inc.

---

[9] To obtain a permanent injunction, Plaintiffs must show: (1) that [they have] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between [Plaintiffs] and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

The undersigned finds that Plaintiffs are entitled to damages in the total amount of $6,930.94, in accordance with the following:

| Plaintiff Fund | Delinquent Contributions | Interest through 11/30/14 | Liquidated Damages | Late Fees Owed | Attorneys' Fees and Costs | TOTAL |
|---|---|---|---|---|---|---|
| NPF | $24.32 | $64.47 | $909.18 | $1,621.62 | $2,655.06 | $5,274.65 |
| ITI | $0.00 | $1.46 | $20.51 | $41.78 | $0.00 | $63.75 |
| NEMIC | $0.00 | $0.35 | $5.13 | $10.45 | $0.00 | $15.93 |
| SMOHIT | $0.00 | $0.24 | $3.42 | $6.97 | $0.00 | $10.63 |
| SMWIASF | $0.00 | $0.12 | $1.71 | $3.51 | $0.00 | $5.34 |
| SASMI | $0.00 | $20.13 | $284.15 | $550.58 | $705.78 | $1,560.64 |
| TOTAL | $24.32 | $86.77 | $1,224.10 | $2,234.91 | $3,360.84 | $6,930.94 |

## V.   NOTICE

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of

record and to Defendant at the following address:

Mike Sheldon, President/Designated Agent
DMJ Industrial Contractor, Inc.
4050 W. 10th Street
Indianapolis, IN 46222

_____ /s/
Ivan D. Davis
United States Magistrate Judge

March 25, 2015
Alexandria, Virginia

12